UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A., | Case No. 1:23-cv-00070-ADA-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT[1] |
| v. | |
| LADDI TRUCK LINES, INC. and HARPREET SINGH, | (Doc. No. 13) |
| Defendants. | |

Pending before the court is Plaintiff's motion for default judgment filed under Federal Rule of Civil Procedure 55(b)(1) on March 6, 2023. (Doc. No. 9). Plaintiff submits declarations and exhibits in support of its motion. (Doc. No. 9-1, 9-2). Defendants have not answered or responded to the complaint, nor have they filed any opposition or taken any action in this case. Having considered the moving papers, declarations, attached exhibits, and applicable law, the undersigned recommends that the district court grant Plaintiff's motion for default judgment.

I. BACKGROUND[2]

On January 17, 2023, Plaintiff BMO Harris Bank N.A. ("Plaintiff") filed a complaint

---

[1] This Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019). See also (Doc. No. 10).

[2] The facts are derived from the allegations in the Complaint filed on January 17, 2023. (Doc. No. 1.).

against Defendants Laddi Truck Lines Inc., a commercial trucking operation, and Harpreet Singh, an owner and officer of Laddi (collectively referred to as "Defendants"). (Doc. No. 1, "Complaint"). The Complaint invoked this Court's jurisdiction under 28 U.S.C. § 1132(a)(2). (*Id*. at 1). The Complaint alleged breach of contract claims and sought monetary damages, specific performance, and injunctive relief. (Doc. No. 1 at 6-9). The Complaint alleges the following facts.

Plaintiff and Defendants entered into three distinct Loan and Security Agreements, whereby Plaintiff agreed to finance on behalf of Defendants the purchase of four vehicles (collectively referred to as "Vehicles") for use in Defendants' business. (Doc. No. 1 at 2-3). Copies of the Loan and Security Agreements are attached to and incorporated into the Complaint as Exhibits 1, 2, and 3, respectively. As consideration, Defendants granted Plaintiff a first-priority security interest in the respective Vehicles:

**A. Loan Agreements and the Security Interests**

1. <u>Agreement 7002</u>

Loan and Security Agreement 7002 ("Agreement 7002") was executed on or about May 19, 2022. (Exhibit 1, Doc. No. 1 at 3-5). Agreement 7002 provided for the purchase of a 2018 Kenworth T-680 125" BBC CONV CAB, VIN 1XKYD49X4JJ180145 in the amount of $65,908.80, including interest, pursuant to specified terms and conditions. (*Id*., the "7002 Vehicle").

2. <u>Agreement 2001</u>

Loan and Security Agreement 2001 ("Agreement 2001" was executed on or about June 9, 2022. (Exhibit 2, *Id.*). Agreement 2001 provided for the purchase of a 2019 Kenworth T-680 125" BBC Conv Cab, VIN 1XKYDP9XOKJ240697 in the amount of $84,843.84, including interest, pursuant to specified terms and conditions. (*Id.*, the "2001 Vehicle").

3. <u>Agreement 1001</u>

Loan and Security Agreement 1001 ("Agreement 1001") was executed on or about June 13, 2022. (Exhibit 3, *Id.*). Agreement 1001 provided for the purchase of a 2011 Great Dane, VIN 1GRAA0626BW702663, with attached 2014 Thermo King S-600 Serial: 6001222329, and a

2015 Great Dane, VIN 1GRAA0623FW703372, with attached 2014 Thermo King SB-230 Serial: 6001144533 in the amount of $90,061.20, including interest, pursuant to specified terms and conditions. (*Id.,* the "1001 Vehicles").

### B. The Guaranties

In connection with Agreements 7002, 2001 and 1001, Defendants executed a Continuing Guaranty on May 19, 2022, June 9, 2022, and June 13, 2022, respectively. (*Id.* at 3). By signing each Continuing Guaranty ("the Guaranties), Defendant Singh guaranteed the full and timely performance of all of Defendant Laddi's present and future liabilities to Plaintiff. (*Id.* at 3). A copy of the Continuing Guaranty is attached and incorporated into the Complaint as Exhibit 4.

### C. Default and Calculation of Judgment

Plaintiff alleges Defendants are in default on the Agreements and the Guaranties (collectively referred to as the "Loan Documents") for their failure to pay the amounts due, beginning with the payments due under Agreement 7002 and Agreement 1001 on September 1, 2022. (Doc. No. 9-1, at 5). Defendant also failed to make the September 9, 2022 payment due under Agreement 2001. (*Id.*).

As a result of the defaults, Plaintiff has accelerated the amounts due. Plaintiff asserts the following amounts on each of the Agreements are due, which include principal plus interest, late charges, and other fees:

1. <u>Agreement 7002</u>
   a. Principal: $50,600.59
   b. Interest (*Plus $25.30 per day after February 28, 2023): $3,838.74*
   c. Late Fees: $457.70
   d. Other Fees: $0.00
   e. Total: $54,897.03
2. <u>Agreement 2001</u>
   a. Principal: $62,289.59
   b. Interest (*Plus $31.14 per day after February 28, 2023): $4,525.18*
   c. Late Fees: $441.90

|    |                                                                                          |
|----|------------------------------------------------------------------------------------------|
| 1  |     d.  Other Fees: $0.00                                  |
| 2  |     e.  Total: $67.256.67                                  |
| 3  |   3.  <u>Agreement 1001</u>                                          |
| 4  |     a.  Principal: $74,676.19                              |
| 5  |     b.  Interest (*Plus $37.34 per day after February 28, 2023): $6,164.16* |
| 6  |     c.  Late Fees: $600.40                                 |
| 7  |     d.  Other Fees: $145.00                                |
| 8  |     e.  Total: $81,585.75                                  |

(Doc. No. 9-1 at 7-8).

According to the Loan and Security Agreements, Defendants must pay all expenses resulting from retaking, holding, preparing for sale, and selling the Vehicles upon default. (*Id.* at 6; *see also* Doc. No. 1 at 15, 22, 29). Additionally, Defendants are obligated to pay the attorney's fees and costs incurred by Plaintiff in the enforcement of its rights under the agreements. (*Id.*). Plaintiff noticed Defendant by letters dated December 29, 2022, of their defaults and of Plaintiff's election to accelerate the loans evidenced by the Loan Documents. (*Id.*). Plaintiff also made demand upon Defendant to pay the amounts due and surrender the Vehicles. (*Id.*). Defendants have not paid the amounts due and owing under the Loan Documents, and Plaintiff has not been able to retake possession of the Vehicles. (*Id.*).

Plaintiff served Defendants with Plaintiff's Complaint on January 22, 2023. (Docs. No. 5-6). After Defendants neither timely appeared nor answered, Plaintiff requested the Clerk of Court enter a default. (Doc. No. 7). The Clerk of Court entered a clerk's default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 8). On March 6, 2023, Plaintiff moved for default judgment against Defendants. (Doc. No. 9). Plaintiff requests default judgment in the amount of $208,915.01, which includes $4,510.00 in attorneys' fees, $555.56 in costs, and immediate possession of the Vehicles. (*Id.* at 5-6).

## II. ANALYSIS

### A. Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of*

*Am.*, 511 U.S. 375, 377 (1994). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, ... and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state ...." 28 U.S.C. § 1332(a)(1)-(2). The amount in controversy "encompasses all relief a court may grant . . . if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). Additionally, it represents "the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). The amount in controversy is calculated based on the well-pleaded allegations in the complaint. *See Chavez*, 888 F.3d at 416.

Plaintiff asserts the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees and costs. (Doc. No. 9-3 at 2). This is demonstrated by Plaintiff's allegations and supporting documents, which show Plaintiff seeks to recover the sum of $203,739.45 for principal, interest, and all fees relating to the subject vehicles under the agreements; $4,510.00 in attorneys' fees, and $555.56 in costs. (Doc. No. 9 at 5; Ex. 10, Doc. No. 9-2; Doc. No. 9-3 at 2). Thus, the amount in controversy is satisfied. Regarding the diversity prong, Plaintiff alleges to be a citizen of the state of Illinois, and Defendants Laddi Truck Lines Inc. and Singh are citizens of the state of California. (Doc. No. 1 at 2). Thus, Plaintiff has established complete diversity between the parties named in the lawsuit and the amount in controversy to satisfy that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**B. Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a party following the clerk of court's entry of default under 55(a). The court cannot enter default judgment if the defendants were not properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). If the court determines service was proper, the court must undertake an analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) before entering a default judgment. Specifically, the court considers the following factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether the default resulted from excusable neglect, and (6) the court's overriding preference to issue

1  decisions on the merits.  (*Id*).

2  After the clerk enters a default, the court shall accept "as true all factual allegations in the
3  complaint, except those as to the amount of damages." *Yoon Chul Yoo v. Arnold*, 615 F. App'x.
4  868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6).  Allegations about "the amount of damages must
5  be proven." *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N.*, 2021 WL 22137, at *1
6  (E.D. Cal. Jan. 4, 2021).  The court also does not accept facts that are not well pled or statements
7  that constitute conclusions of law.  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072,
8  1078 (C.D. Cal. 2012).  Ultimately, the decision of whether to grant a default judgment lies
9  within the discretion of the court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### C. The *Eitel* Factors

#### 1. Defendants Were Properly Served with Process

Defendants were properly served, and the clerk of court rightfully entered defaults against defendants.  (Docs. No. 5-6, 8).  Service is effectuated under Federal Rule of Civil Procedure 4(e) by "following state law for serving a summons . . . in the state where the district court is located or where service is made," or by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process."  California law permits service of the summons and complaint by personal service or by leaving them with a "competent member of the household or a person apparently in charge of his or her office [or] place of business," among other methods.   Cal. Code Civ. P. § 415.10-20.  All methods require that the service be handled by an individual who is not a party to the action.  (*Id.*).

The record reflects on January 22, 2022, a registered process server left the summons and complaint at 7127 North Antioch Avenue, Unit A, Fresno, California 93722 with a co-occupant (Secretary) named Singh Singh, at least 18 years of age, who was informed of the contents thereof. (Docs. No. 5-6).  On January 23, 2022, a copy of the summons and complaint along with the initial pleadings were also mailed to Defendants at the same address.  (*Id.*).  Because these methods of service comply with California law and because proofs of service on Defendants were filed, the Court finds all Defendants were properly served consistent with Fed. R. Civ. P. 4.

After Defendants failed to file a response to the Complaint, Plaintiff moved for and was

granted a clerk's entry of default on February 15, 2023 as to both Defendants. (Doc. No. 8).

        2. Application of the Six *Eitel* Factors

            a. Potential Prejudice to Plaintiff

The Court first considers whether Plaintiff will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, at 1177 (C.D. Cal. 2002). When a defendant neglects to respond to a complaint, a plaintiff lacks means to recover beyond a default judgment. *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at *3 (C.D. Cal. Feb. 11, 2009). Here, Plaintiff would be prejudiced if default judgment were not granted because, absent entry of a default judgment, Plaintiff will be without recourse against Defendant, given their unwillingness to pay the amounts due on the contract or permit Plaintiff to repossess the subject vehicles. (Doc. No. 9 at 7). The "[p]otential prejudice to the plaintiff militates in favor of granting default judgment." *See Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). The first *Eitel* factor therefore weighs in favor of default judgment.

            b. The Underlying Claim's Merits and Sufficiency

The court next weighs the merits and sufficiency of Plaintiff's Complaint. Default judgment will only be granted if Plaintiff's complaint states a claim that supports the desired relief. *Wells Fargo Equip. Fin., Inc. v. Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021). Under California law, to prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1399 (1990).

Here, the Complaint establishes each of these elements. Plaintiff entered into Loan and Security Agreements with Defendant Laddi for which Defendant Singh executed Continuing Guaranties. (Ex. 4, Doc. No. 1 at 3). Plaintiff fully performed its obligations under the Loan Documents by financing Defendants' purchase of the subject vehicles. (*Id*. at 4). Titles for each of the four vehicles are appended to the Complaint and reflect the "Owner" as Defendant Laddi Truck Lines, Inc. and the "Lienholder" as Plaintiff. (Exhibit 5, Doc. No. 1 at 38-46). Defendants breached the terms of the Loan Documents by defaulting on their payments. (*Id.*). Plaintiff's prayer for relief also sets forth its claim for contractual monetary damages, including attorneys'

1  fees, interest, and costs.  (*Id.* at 6-9).  Thus, the second and third *Eitel* factors support entry of
2  default judgment.

          c.   <u>The Amount of Money at Stake</u>

4  Plaintiff seeks a default judgment of $208,915.01, which includes $4,510.00 in attorneys'
5  fees and $555.56 in costs.  Default judgment is "is disfavored where large amounts of money are
6  involved."  *Christofferson v. All Pure Pool Serv. Of Cent. California, Inc.*, 2020 WL 3249323, at
7  *19 (E.D. Cal. June 16, 2020), *report and recommendation adopted sub nom*; *Christofferson, v.*
8  *All Pure Pool Serv. Of Cent. California, Inc*, WL 3819413 (E.D. Cal. July 8, 2020).

9  The bulk of Plaintiff's contractual damages consists of the principal amounts due from the
10 purchase prices of the four vehicles.  As such, the Court finds the requested contractual damages
11 reasonable for the purposes of permitting the entry of default judgment.

          d.   <u>The Possibility of a Factual Dispute</u>

13 The Clerk of Court's entry of default requires the court to accept Plaintiff's well-pled
14 factual allegations as true.  Despite being properly served, Defendants did not appear, answer, or
15 otherwise respond.  Thus, the only facts before the court are those presented by Plaintiff in the
16 Complaint, which are well-pled and must be accepted as true.  There is accordingly no factual
17 dispute.  *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22,
18 2016).  Thus, the fourth *Eitel* factor does not preclude entry of a default judgment.

          e.   <u>Whether the Default Resulted from Excusable Neglect</u>

20 Defendants were properly served, yet none have appeared in the year since service was
21 effectuated.  When service is proper it suggests there was not excusable neglect.  *USA Truck, Inc.*
22 *v. Jugan Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), *report and*
23 *recommendation adopted*, 2020 WL 3451580 (E.D. Cal. June 24, 2020).  The Court therefore
24 finds this fifth *Eitel* factor weighs in favor of default judgment.

          f.   <u>The Court's Overriding Preference to Issue Decisions on the Merits</u>

26 *Eitel* emphasizes that "[c]ases should be decided upon their merits whenever reasonably
27 possible."  782 F.2d at 1472.  Here, with no appearance from Defendants, there is no reasonable
28 possibility of deciding this matter on the merits.  Because this sixth and each of the above *Eitel*

8

1 factors overwhelmingly weigh in favor default judgment, the Court recommends default
2 judgment be entered in favor of Plaintiff.

**D. Requested Relief**

1. Damages

The Loan Documents at issue all provide that in the event of default, all indebtedness becomes immediately due and payable. Further, Plaintiff is entitled to take possession of and dispose of the equipment and to have the debtor pay all interest and expenses incurred, including reasonable attorneys' fees. (Doc. No. 9-1, Ex. 1 ¶¶ 5.1-5.3; Ex. 2 ¶¶ 5.1-5.3; Ex. 3 ¶¶ 5.1-5.3.).

As of the respective dates of default under the Loan Documents, Plaintiff declares that the principal amounts due and owing after acceleration total $187,566.37. (Doc. No. 9-1 at 5). Calculated from the respective dates of default to February 28, 2023, the amount of accrued and unpaid interest due and owing under the Agreements is an amount not less than $14,528.08. (*Id.* at 5-6). As of the respective dates of default, pre and post default late charges and other fees in the amount of $1,645.00 have accrued. (*Id.* at 6). In addition, under the Loan Documents, upon default, Defendants are obligated to pay all expense of retaking, holding, preparing for sale, and selling the vehicles. (*Id.*). Calculated as of February 28, 2023, the amount due and owing under the Agreements, not including attorneys' fees and expenses, is an amount not less than $203,739.45. (*Id.*). These requested amounts are supported by declaration. (Doc. No. 9-1.) The agreements and declarations constitute sufficient proof that Plaintiff has sustained damages for the breaches under the Loan Documents and Defendants have not appeared to oppose the request. The undersigned accordingly recommends judgment in the amount $203,739.45, plus post-judgment interest and attorneys' fees and costs, against Defendants.

2. Attorneys' Fees and Costs

Plaintiff also seeks its entitlement to attorney's fees under the Loan Documents, seeking a total amount of $4,510.00 in attorneys' fees and $555.56 in court costs. (Doc. No. 9-2 at 3.) California and Illinois both enforce contractual provisions allowing the collection of reasonable attorneys' fees. Cal. Civ. Proc. Code § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to

9

1  the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled
2  to their costs, as hereinafter provided."); *Gil v. Mansano*, 121 Cal. App. 4th 739, 742-43 (2004);
3  *Cap. One Auto Fin., Inc. v. Orland Motors, Inc.*, No. 09-CV-4731, 2012 WL 3777025, at *3
4  (N.D. Ill. Aug. 27, 2012) ("Illinois recognizes the American Rule that 'absent a statute or
5  contractual provision, a successful litigant must bear the burden of his or her own attorney's
6  fees.'"). Under the Agreements, Defendant is obligated to pay the attorneys' fees and costs
7  incurred by Plaintiff in the enforcement of its rights, including expenses of filing and prosecuting
8  this action. (Doc. No. 9-1 at 6). Plaintiff is therefore entitled to recovery of attorneys' fees and
9  costs.

10        To determine a reasonable attorneys' fee, or "lodestar," the starting point is the number of
11  hours reasonably expended multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461
12  U.S. 424, 433 (1983). The undersigned, in considering what constitutes a reasonable hourly rate,
13  looks to the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886,
14  895 (1984). The "relevant community" for the purposes of the lodestar calculation is generally
15  the forum in which the district court sits. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th
16  Cir. 2013). The relevant community here is the Fresno Division of the Eastern District of
17  California.

18        "In the Fresno Division of the Eastern District of California, across a variety of types of
19  litigation generally, attorneys with experience of twenty or more years of experience are awarded
20  $325.00 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded
21  $250.00 to $350.00 per hour, attorneys with five to ten years of experience are awarded $225.00
22  to $300.00 per hour, and less than $200.00 per hour for attorneys with less than five years of
23  experience." *Beard v. Cty. of Stanislaus*, No. 1:21-cv-00841-ADA-SAB, 2023 WL 199200, at
24  *13 (E.D. Cal. Jan. 17, 2023) (collecting cases).

25        Plaintiff's counsel holds more than eleven years of professional experience, having been
26  admitted to practice in California in 2011. (Doc. No. 9-2, Decl. of Ken I. Ito at 3.). Given this,
27  the Court finds a rate of $275.00 per hour to be reasonable for the services of Attorney Ito.
28        According to the declaration of Attorney Ito and the corresponding invoice, Attorney Ito

has thus far expended 8.40 hours of work. (Doc. No. 9-2, Decl. of Ken I. Ito at 3 and Ex. 10.) In addition, Attorney Ito declares that to "prepare this Motion for Default Judgment, to prepare Plaintiff for the default prove-up hearing, and to appear at the default prove-up hearing, it is anticipated and expected that each task will take a minimum of 4 hours, 2 hours, and 2 hours, respectively, at a rate of $275.00, for a total of $2,200.00. The total attorney's fees would thus be $4,510.00." (*Id.*). Given that the undersigned vacated the hearing on the motion for default judgment, (Doc. No. 10), the undersigned finds it appropriate to deduct the projected hours for preparing for and appearing at the hearing, limiting the requested additional hours for preparing the instant motion to 4 additional hours of work.

Based on the foregoing, the undersigned will therefore recommend awarding Plaintiff $3,410.00 for 12.4 hours of work by Attorney Ito at a rate of $275.00 per hour in attempting to collect and enforce the Loan Documents. In addition to attorneys' fees, Plaintiff seeks the recovery of court costs in the amount of $555.56, consisting of costs for the Court filing fee and service of process. (Doc. 9-2, Decl. of Ken I. Ito at 6.) The undersigned finds these costs reasonable.

### 3. Judgment for Possession

Plaintiff additionally seeks a judgment for obtain possession of the unrecovered vehicles — the 2018 Kenworth T-680 125"BBC Conv Cab, VIN 31XKYD49X4JJ180145, from the 7002 Agreement, the 2019 Kenworth T-680 125"BBC Conv Cab, VIN 1XKYDP9X0KJ240697, from the 2001 Agreement, and the two vehicles from the 1001 Agreement, the 2011 Great Dane, VIN: 1GRAA0626BW702663, with attached 2014 Thermo King S-600 Serial: 6001222329, and the 2015 Great Dane, Vin: 1GRAA0623FW703372, with attached 2014 Thermo King SB-230 Serial: 6001144533, — as well as an order directing Defendants to return or allow Plaintiff to take possession of these unrecovered vehicles. (Doc. No. 9-1 at 9.). As previously noted, the Loan Documents provide that Plaintiff has the right to take possession of the vehicles upon default. (*Id.*). Thus, the undersigned recommends Plaintiff be granted an order directing Defendants to specifically perform their obligations under the Loan Documents by returning or allowing Plaintiff to take possession of the vehicles.

Accordingly, it is ORDERED:

Plaintiff **must** mail a copy of these findings and recommendations to Defendants at their last known address and file with the court proof of service within fourteen (14) business days of the date of these Findings and Recommendations.

It is further RECOMMENDED:

1. Plaintiff's motion for default judgment (Doc. No. 9) be GRANTED.
2. Default Judgment be entered in Plaintiff's favor and against Defendants Laddi Truck Lines Inc. and Harpreet Singh, jointly and severally, in the amount of $207,705.01 as follows:
   a. Principal         $187,566.37
   b. Interest          $14,528.08
   c. Late Fees         $1,500.00
   d. Attorney Fees     $3,410.00
   e. Costs             $555.56
   f. Other Fees        $145.00
3. Plaintiff be awarded possession of the following unrecovered vehicles, and Defendants be directed to specially perform their obligations under the Loan and Security Agreements and be ordered to return and/or permit Plaintiff to take possession of the Vehicles:
   a. 2018 Kenworth T-680 125" BBC Conv Cab, VIN 31XKYD49X4JJ180145, under the 7002 Agreement;
   b. 2019 Kenworth T-680 125" BBC Conv Cab, VIN 1XKYDP9X0KJ240697, under the 2001 Agreement;
   c. 2011 Great Dane, VIN: 1GRAA0626BW702663, with attached 2014 Thermo King S-600 Serial: 6001222329, under the 1001 Agreement; and
   d. 2015 Great Dane, Vin: 1GRAA0623FW703372, with attached 2014 Thermo King SB-230 Serial: 6001144533, under the 1001 Agreement.
4. Upon recovery and sale of the identified vehicles in a commercially reasonable

manner, the money judgment entered herein be credited with the net sales proceeds.

5. This case be CLOSED.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 21, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE